IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| RICHARD GROTTS, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 3:08-cv-49 DGW |
| MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY, | ) ) ) ) | |
| Defendant. | ) | |

**ORDER**

Currently pending before the Court is the Joint and Agreed Motion to Remand the case back to the Commissioner of Social Security for further proceedings (Doc. 19). For the reasons set forth below, this motion is **GRANTED**, the decision of the Commissioner is **REVERSED**, and the case is **REMANDED**.

**BACKGROUND**

Plaintiff Richard Grotts filed this action on January 23, 2008, seeking judicial review of an adverse final decision of the Commissioner (Doc. 2). On March 27, 2008, the Commissioner answered the complaint and submitted the administrative record (Docs. 11, 12). On April 7, 2008, the Court entered a briefing schedule in the action (Doc. 16).

On May 19, 2008, before either party had filed a brief, the parties filed the instant motion requesting that the Court enter a judgment and order reversing the decision of the Commissioner and remanding the case for further administrative proceedings, pursuant to the fourth sentence of 42 U.S.C. § 405(g).

The parties stipulate that on remand:

the Administrative Law Judge (ALJ) will evaluate additional medical evidence, including additional treatment notes from Dr. Klug and the review by Dr. Kuester.

> The ALJ will also obtain assistance from a medical expert to help determine the nature and severity of Mr. Grotts's mental impairments. In addition, the ALJ may consider whether a reopening of the award of benefits on Mr. Grotts's subsequent applications for Disability Insurance Benefits and Supplemental Security Income is appropriate.

(Doc. 19).

## ANALYSIS

Under the Social Security Act ("the Act"), "any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party . . . may obtain a review of such decision by a civil action . . . ." 42 U.S.C. § 405(g). The Commissioner "shall file a certified copy of the record including the evidence upon which the findings and decision complained of are based." Id. The fourth sentence of section 405(g), confers power upon district courts "to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision . . . with or without remanding the cause for a rehearing." Id. A district court's remand pursuant to the foregoing provisions (known as a "sentence-four remand") constitutes a final decision on the merits of the case and terminates that court's jurisdiction over the matter. See Shalala v. Schaefer, 509 U.S. 292, 297 (1993) ("Immediate entry of judgment . . . is in fact the principal feature that distinguishes a sentence-four remand . . . ."); see also Richmond v. Chater, 94 F.3d 263, 268 (7th Cir. 1996) ("When a 'sentence-four remand' is entered the case is over in the district court . . . .").

In the instant action, the parties have submitted the pleadings and the transcript, and both now aver that the case should be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g). In light of the parties' unequivocal assertion that the Plaintiff's claims are deserving of reevaluation and a new decision, this Court concludes that the ALJ's decision upon which this

civil action is based was not adequately supported by evidence in the record. See Lopez ex. rel. Lopez v. Barnhart, 336 F.3d 535, 539 (7th Cir. 2003) (holding that an ALJ's decision "cannot stand if it lacks evidentiary support").

Accordingly, the final decision of the Commissioner is **REVERSED** and the matter **REMANDED** to the ALJ for further evaluation and a new determination whether Plaintiff is entitled to an award of benefits.

On remand, as specified by the parties, the ALJ shall evaluate additional medical evidence, including the additional treatment notes of Dr. Klug, and the review by Dr. Kuester; shall obtain assistance from a medical expert to assist in determining the nature and severity of Plaintiff's mental impairments; and shall consider whether a reopening of the award of benefits on Plaintiff's subsequent applications for Disability Insurance Benefits and Supplemental Security Income is appropriate.

## CONCLUSION

For the reasons set forth above, the final decision of the Commissioner is **REVERSED** and the matter **REMANDED** to the Commissioner, pursuant to sentence four of 42 U.S.C. § 405(g), for further evaluation as described above. The Clerk is **DIRECTED** to enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: May 22, 2008**

**s/ Donald G. Wilkerson**
**DONALD G. WILKERSON**
**United States Magistrate Judge**
